UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED TREADWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2096** |
| **LOUISIANA DEPT. OF CORR., ET AL.** | **SECTION "S"(1)** |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Alfred Treadwell, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Louisiana Department of Public Safety and Corrections, the St. Tammany Parish Sheriff's Office, Sheriff Rodney J. Strain, Jr., Warden Gregory Longino, and Dr. R.D. Inglese. In the complaint, plaintiff alleges that he has been denied adequate medical care while incarcerated at the St. Tammany Parish Jail.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, plaintiff's claims against the Louisiana Department of Public Safety and Corrections and the St. Tammany Parish Sheriff's Office be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  Louisiana Department of Public Safety and Corrections

The Louisiana Department of Public Safety and Corrections is an improper defendant for at least two reasons.

First, petitioner brought this federal civil rights action pursuant to 42 U.S.C. 1983.  That statute, in pertinent part, provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).  State agencies, such as the Louisiana Department of Public Safety and Corrections, simply are not "persons" subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La.

---

[1]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI.  The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); McGuire, 2009 WL 4891914, at *3-4.

Accordingly, plaintiff's claims against the Louisiana Department of Public Safety and Corrections must be dismissed.

### III.  The St. Tammany Parish Sheriff's Office

Plaintiff has also named the St. Tammany Parish Sheriff's Office as a defendant; however, that is likewise improper.  "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo

v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988). Accordingly, plaintiff's claims against the St. Tammany Parish Sheriff's Office must also be dismissed.

### IV. Remaining Defendants

This Partial Report and Recommendation does not address plaintiff's claims against the remaining defendants. Those claims should be allowed to proceed pending further review.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the Louisiana Department of Public Safety and Corrections and the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this sixth day of September, 2011.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.