# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED TREADWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2096** |
| **LOUISIANA DEPT. OF CORR., ET AL.** | **SECTION "S"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Alfred Treadwell, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants the Louisiana Department of Public Safety and Corrections, the St. Tammany Parish Sheriff's Office, Sheriff Rodney J. Strain, Jr., Warden Gregory Longino, and Dr. Richard D. Inglese. In the complaint, plaintiff alleged that he had been denied adequate medical care while incarcerated at the St. Tammany Parish Jail. In his prayer for relief, plaintiff requested only "the immediate transfer to a Louisiana Department of Corrections facility where I will receive proper and adequate medical attention."[1]

On September 27, 2011, the claims against the Louisiana Department of Public Safety and Corrections and the St. Tammany Parish Sheriff's Office were dismissed with prejudice as frivolous,

---

[1] Rec. Doc. 1, p. 5.

for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.[2]

On January 23, 2012, plaintiff was transferred into the custody of the Louisiana Department of Safety and Public Corrections and is apparently currently incarcerated at the Elayn Hunt Correctional Center.[3] In light of that transfer, the remaining defendants have now filed a motion arguing that plaintiff's civil action should be dismissed as moot pursuant to Fed.R.Civ.P. 12(b)(1).[4] See National Association of Boards of Pharmacy v. Board of Regents of the University System of Georgia, 633 F.3d 1297, 1308 (11th Cir. 2011) (Mootness is "a justiciability ground for dismissal properly brought under Rule 12(b)(1)."); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because ... mootness ... pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) ...."); Hutcherson v. JPMorgan Chase Bank, N.A., Civ. Action No. 2:11-CV-154, 2012 WL 37393, at *1 (S.D. Miss. Jan. 6, 2012) ("As Defendant's mootness argument implicates the Court's subject matter jurisdiction over the instant case, it is properly raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)."). Plaintiff has filed no opposition to that motion.

As defendants correctly note, the United States Fifth Circuit has clearly and repeatedly held that a transfer renders moot any claims for injunctive relief with respect an inmate's prior facility.

---

[2] Rec. Doc. 6.

[3] Rec. Docs. 13-2 and 13-3.

[4] Rec. Doc. 13.

Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Kidd v. Livingston, No. 11-40492, 2012 WL 614372, at *2 (5th Cir. Feb. 28, 2012); Stern v. Hinds County, Mississippi, 436 Fed. App'x 381, 382 (5th Cir. 2011); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Davis v. Wall, No. 94-41002, 1995 WL 136204, at *2 n.3 (5th Cir. Mar. 9, 1995). Because plaintiff has obtained the sole relief he was seeking and has been transferred from the St. Tammany Parish Jail into the custody of the Louisiana Department of Public Safety and Corrections, this civil action is now moot and this Court therefore lacks subject-matter jurisdiction.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion to dismiss, Rec. Doc. 13, be **GRANTED** and that plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

New Orleans, Louisiana, this twelfth day of March, 2012.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

_____
**CLERK TO NOTIFY PLAINTIFF BOTH**
**AT HIS ADDRESS OF RECORD AND AT:**

Alfred Treadwell #94339
Elayn Hunt Correctional Center
P.O. Box 174, Hwy 74
St. Gabriel, LA  70776